UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM JACQUES, et al., )<br>)<br>Plaintiffs, )<br>)<br>v.       )<br>)<br>MARC JEAN-BAPTISTE, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:24-cv-00184 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiffs' *pro se* complaint, ECF No. 1 ("Compl."), and applications for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP applications and, for the reasons explained below, dismisses the complaint without prejudice.

Plaintiffs Salim Jacques and Mac Truong,[1] jointly file this matter. *See* Compl. at 1, 3–4. Both plaintiffs reside in New Jersey. *See id*. at 3–4. They sue six defendants: the Estate of the late Reverend Pierre Michel Pierre Jean-Baptiste, an associated church, the executors of the church and Mr. Jean-Baptiste's estate, and their attorney. *See id*. at 4. The only address provided for the defendants is the location of the church in Brooklyn, New York. *See id*. Plaintiffs allege that defendants have all conspired to fraudulently deprive them of their inheritance and the proceeds of the church and estate. *See id*. at 7–11. They demand $120 million in damages. *Id.* at 11.

---

[1] Truong "is a vexatious litigant who has continued to file numerous repetitive, meritless and frivolous actions despite past warnings by several courts." *Truong v. Valenziano*, No. 23-02501, 2023 WL 6809939, at *1 (D.D.C. Oct. 11, 2023) (quoting *In re Truong*, No. 09-11047, 2011 WL 2894580, at *1 n.4 (Bankr. S.D.N.Y. July 15, 2011)); *see In re Truong*, 2011 WL 2894580, at *1 n.1 (noting "over 70 written judicial opinions related" to plaintiff's "various lawsuits and bankruptcies"). This matter presents no differently.

Plaintiffs have failed to establish this court's subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-1332. A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, although plaintiffs broadly cite to federal statutes, *see* Compl. at 10–11 (citing 10 U.S.C § 921; 18 U.S.C. §§ 241, 1512), they improperly attempt to invoke bare criminal statutes and a subsection of the code of military justice, *see id*., in this civil case, *see id.* at 1. Not only are these statutes generally inapplicable to the operative facts, but the "Supreme Court has [also] rarely implied a private right of action under a criminal statute," *Lee v. United States Agency for Int'l Dev*., 859 F.3d 74, 77 (D.C. Cir. 2017) (cleaned up), and the criminal statutes upon which plaintiffs rely do not provide such right, *Truong v. Valenziano*, No. 23-02501, 2023 WL 6809939, at *1 (D.D.C. Oct. 11, 2023) (citing *Leonard v. George Washington Univ. Hosp*., 273 F. Supp. 3d 247, 257 (D.D.C. 2017), *aff'd*, No. 17-5194, 2018 WL 3524644 (D.C. Cir. July 9, 2018)); *see Leonard*, 273 F. Supp. 3d at 257 (listing § 1512 and § 241 among "the type of bare criminal statutes from which no private right of action is implied" (cleaned up)); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009) (§ 1512 and other "federal criminal obstruction of justice statutes do not create private causes of action"), *aff'd*, No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (§ 241 criminalizing conspiracy against rights "does not expressly create a private right of action upon which plaintiff may sue defendants"), *aff'd*, No. 09-5358, 2010 WL 2574084 (D.C. Cir. June 11, 2010); *Rush v. Hillside*

*Buffalo, LLC*, 314 F. Supp. 3d 477, 482 n.3 (W.D.N.Y. 2018) (holding that 10 U.S.C § 921 "does not create "a private cause of action"). Because plaintiffs do not have even an arguable cause of action under the cited statutes, the court does not have federal question jurisdiction over their claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

  Second, plaintiffs cannot rely on diversity jurisdiction. Although they are citizens of New Jersey, *see* Compl. at 3–4, and the defendants are all broadly purported to "reside in Brooklyn, New York[,]" *see id.* at 4, the complaint does not provide the information necessary to establish the individual defendants' state citizenships. It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and notably, an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Here, plaintiffs have pleaded nothing about the individual defendants' state citizenships, as required, *see id.*, which is only compounded by the provision of the church's address for every given defendant, *see* Compl. at 4.

  Assuming *arguendo* that plaintiffs had established diversity jurisdiction, this action bears no connection to this District whatsoever, a fact that plaintiffs essentially concede, *see* Compl. at 2 (stating, puzzlingly, that "[v]enue is proper in this Court . . . because all the defendants herein are residing and/or doing business in the State of New York" and "most of the events, circumstances, and/or causes of action . . . occurred in King County, New York State."). Plaintiffs instead argue that "venue in the District of Columbia will likely provide Plaintiffs or even

Defendants with a fair and unbiased forum[,]" *see id.*, but that contention simply does not suffice to establish venue here. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, none of the parties are located in the District of Columbia, and there is no connection between plaintiff's allegations and this District. Moreover, the court has absolutely no reason to find that a federal court in another (proper) venue would somehow subject plaintiffs to unfair treatment.

      Consequently, this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:   April 15, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge